Julia Rogers
2028 Pearson Ct. S.W.
Birmingham, AL 35222-3227
205 401-9673

FILED
2014 SEP -9 P 2:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCIT OF ALABAMA

Southern Division

Julia Rogers,
Plaintiff,

vs.   CIVIL ACTION NO._____
           CV-14-BE-1728-S

Elizabeth W. McElroy,
Dr. Ahmed Ali, U.S. Veterans Administration,
Defendants,

**COMPLAINT FOR WRONGFUL DEATH, PERSONAL INJURIES AND REQUEST FOR INJUNCTIVE RELIEF AND OR FOR ABEYANCE RELIEF**

Plaintiff, for its complaint against **Elizabeth W. McElroy** (hereinafter "**McElroy**"), **Dr. Ahmed Ali** and the **United States Veterans Department.**

1. Plaintiff was and still is a resident of Jefferson County, Birmingham, Alabama. Plaintiff resides at that the above address 2028 Pearson Ct. S.W. Birmingham, AL 35222-3227.

2. Defendant **McElroy** resides and is licensed to do business in Alabama. Defendant's official business address is 2008 Third Avenue South, Birmingham, AL 35233.

3. . Defendants, **Dr. Ahmed Ali** is licensed to do business as a physician at the **Veterans Department**, the United States, doing business as the **"Sovereign"** at 700 South 19th Street, Birmingham, AL 35233.

**COUNT ONE**

-1-

1  4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1346.

2  5. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1396.

3  6. Plaintiff filed a claim for damages under the Federal Tort Claims Act (FTCA, section 1346(b)

4  and 2671-2680, Title 28) for causing the wrongful death of her father, John Gregory, Jr., on

5  August 18, 2011 against Dr. Ahmed Ali and the U.S. Veterans Administration for among other

6  things "**Seniorcide/Homicide**" that has been denied that is incorporated and attached as and

7  marked as exhibit A herein.

8  7. On **May 22, 2013, McElroy** was appointed by State of Alabama, Jefferson County Probate

9  Court Judge Alan King as public administrator for the Estate of Mr. John Gregory, Jr. (deceased)

10 in lieu of plaintiff's timely **September 27, 2011** petition's for appointment as her late father's

11 administrator and or executor of the estate.

12 8. **McElroy <u>accepted</u>** appointment as **public probate court official/administrator** in the Estate

13 of John Gregory, Jr. on **February 07, 2014**.

14 9. Plaintiff has not been served with <u>**ANY**</u> probate court papers; orders of the court; or of her

15 appointment as administrator of the Estate of John Gregory, or **McElroy's Letters of**

16 **Administration**.

17 10. Since her appointment in **May 2013, McElroy** has refused and failed to record, reserve, and

18 protect <u>**ANY**</u> and <u>**ALL**</u> of the Estate of John Gregory, Jr.; and she has refused and failed to

19 communicate (orally or in writing) with <u>**ALL**</u> of the heirs of the estate.

20 11. Since her appointment in **May 2013, McElroy** has refused and failed with deliverance and

21 malice to protect <u>**ANY**</u> and <u>**ALL**</u> interests of the Estate of John Gregory, Jr., particularly, this

22 particular Federal Tort Claims Act/Wrong Death claim against U.S. Veterans Administration.

23 12. As result of her official **Nonfeasance** (failure to act where action is required), plaintiff has

24 petitioned the Jefferson County Probate Court to remove **McElroy** as the probate court public

25 officer/Administrator/Executor of the Estate of John Gregory, Jr.

26 13. Whereas due to the nonfeasance of "**McElroy**" public officer of the Estate of John Gregory,

27 Jr., the Federal Tort Claims Act (FTCA, section 1346(b) and 2671-2680, Title 28) claim against

28

1  the veterans department for the wrongful death of John Gregory, Jr. is threatened to be barred by
2  the federal statute of limitations, forever.
3  14. Whereas due to the nonfeasance of "**McElroy**," the public officer of the Estate of John
4  Gregory, Jr., **McElroy,** the family and heirs of John Gregory, Jr. will be left without a remedy
5  for his wrongful death, forever.
6  15. That hearing to remove **McElroy** as the probate court public officer/Administrator/Executor
7  of the Estate of John Gregory, Jr.  is set for hearing before State of Alabama, Jefferson County
8  Probate Court Judge Alan King on October 29, 2014 after the statue of limitations to file suit for
9  relief under the Federal Tort Claims Act (FTCA, section 1346(b) and 2671-2680 , Title 28) for
10 the wrongful death of plaintiff's father, John Gregory, Jr. against the U.S. Veterans
11 Administration.

## COUNT TWO

13 16. For Count Two, Plaintiff realleges paragraphs 5 thru 13 of Count One of this Complaint.
14 17. Through the conduct described above, **McElroy** has engaged in direct deliberate conduct that
15 substantially interferes and maliciously block the filing of a federal complaint under Federal Tort
16 Claims Act (FTCA, section 1346(b) and 2671-2680 , Title 28) for relief for the wrongful death of
17 her father, John Gregory, Jr. , against the U.S. Veterans Administration for among other things
18 **"Seniorcide/Homicide"**
19 18. Unless enjoined by this Court, **McElroy** is likely to continue to engage in such conduct.
20 19. **McElroy's** conduct is causing irreparable injury to the Estate of John Gregory, Jr. and his
21 heirs,, and the plaintiff has no adequate remedy at law:
22 a. **McElroy's** conduct, unless enjoined, is likely to cause a substantial loss
23 to the Estate of John Gregory, Jr. and his heirs, forever barring a claim for wrongful death.
24 b. If **McElroy** is not enjoined, she likely will continue to engage in
25 conduct that substantially interferes with the Administration of the Estate of John Gregory, Jr.,
26 and the instant claim for damages under the Federal Tort Claims Act against the sovereign U.S.
27 Veterans Department.
28

1  **WHEREFORE**, the plaintiff, United States of America, respectfully prays for the
2  following:
3  A. That the Court find that **McElroy** has engaged in repeated and continual
4  conduct subject to penalty under 26 U.S.C. § 6694, and that injunctive relief is appropriate under
5  26 U.S.C. § 7407 to bar **McElroy** from her continual deliverance and malice in interfering and
6  blocking plaintiff's Federal Tort Claims Act/Wrong Death claim against the U.S. Veterans
7  Administration.
8  **AND/OR IN ALTERNATIVE**
9  B. Plaintiff respectfully pray that the Court find that plaintiff's Federal Tort Claims Act/Wrong
10 Death claim be deemed in abeyance pending probate court hearing on the removal of public
11 officer/Administrator/Executor of the Estate of John Gregory, Jr., **McElroy,** set for hearing
12 before State of Alabama, Jefferson County Probate Court Judge Alan King on October 29, 2014.
13 C. And any other relief that the court deem appropriate in this case.
14
15 Dated: September 9, 2014
16
17 _____
18 Julia Rogers, In Pro Se

-4-

**VA** | **U.S. Department of Veterans Affairs**

Office of the General Counsel
Washington DC 20420

In Reply Refer To: 021B: GCL 19392

MAR 1 1 2014

<u>CERTIFIED MAIL</u>

Ms. Julia Rogers
2028 Pearson Court
Birmingham, AL 35211

Subject:  Your Administrative Tort Claim regarding veteran John Gregory, Jr. – Request for Reconsideration

Dear Ms. Rogers:

Our office has now completed our reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied. The FTCA provides a legal remedy enabling an individual to recover damages under circumstances where the United States, if it were a private person, would be liable. Our review, which included consideration of the opinion of a physician experienced in the fields of cardiology and critical care who was not involved in the treatment provided to John Gregory, Jr., found no evidence of any negligent or wrongful act or omission on the part of a Department of Veterans Affairs (VA) employee acting within the scope of his or her employment that caused Mr. Gregory's death as a result of his VA care.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

We sincerely regret that you are dissatisfied with your father's VA care, and extend our condolences on his death as well as our appreciation for his service to this country.

Sincerely yours,

*Kathryn Simpson for*

E. Douglas Bradshaw, Jr.
Assistant General Counsel



**Department of Veterans Affairs**
**Office of Regional Counsel (586/02)**
1500 E. Woodrow Wilson Dr.
Jackson, MS 39216
Ph. (601) 364-1261
Fax (601) 364-1263

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**In reply refer to: 49292**

September 27, 2012

Julia Ann Rogers
2028 Pearson Court
Birmingham, AL 35211

RE:   Administrative Tort Claim
      John Gregory, Jr., Deceased
      Julia Ann Rogers, Claimant

Dear Ms. Rogers:

We acknowledged receipt on October 19, 2011, of Standard Form 95, *Claim for Damage, Injury, or Death*. You allege John Gregory, Jr. was undergoing treatment at the Birmingham VA Medical Center on April 27, 2011, and his medical providers failed to diagnose, treat or care for Mr. Gregory's disease as cancer which resulted in his death on August 18, 2011. You claim $2,500,000.00 in damages.

The liability of the United States under the Federal Tort Claims Act is based in the negligent act or omission of a Federal employee acting within the scope of his or her employment, which results in the injury or damages claimed.

We have completed our investigation. We have found no evidence of negligence by any VA employee, nor any proximate causation to your alleged damages.

Accordingly, your claim is hereby finally denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to (202) 273-6385; or (3) you may e-mail your request to OGC.torts@mail.va.gov. To be timely filed, VA must <u>receive</u> this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in